IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICKY JOHN HUBBARD,  Plaintiff | § § § | |
| vs. | § | CAUSE NO.:   4-13-CV-112-Y |
| | § | |
| MIDLAND CREDIT MANAGEMENT, INC. MIDLAND FUNDING LLC ENCORE CAPITAL GROUP, INC. FULTON FRIEDMAN & GULLACE, LLP JOHNETTA LANG LOW & MORGAN PLLC M. KIP MORGAN JOSHUA SMITH JOHN DOE, ATTORNEY  Defendants | § § § § § § § § § § | |

## DEFENDANT FULTON FRIEDMAN & GULLACE, LLP, JOHNETTA LANG LOW & MORGAN PLLC, M. KIP MORGAN'S MOTION TO DISMISS

NOW COMES Fulton Friedman & Gullace, LLP, Johnetta Lang, Low & Morgan, PLLC, and M. Kip Morgan (jointly, "Defendants") and files the following Motion to Dismiss and shows unto the Court as follows:

### I.

### PROCEDURAL STATUS

1.     On February 14, 2013, Plaintiff filed his Complaint for Violations of the FCRA, FDCPA, and TDCPA. Doc. 1. Plaintiff alleges Defendants violated FDCPA §§ 1692e(2), 1692e(8), and1692e(10) and TDCPA § 392.101. *Id*. Defendants filed their answer on March 25, 2013. Doc. 11. Based on Plaintiff's Complaint, Defendants now seek dismissal of each cause of action alleged against them under FRCP 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted.

## II.

## ARGUMENT AND AUTHORITIES

**A. Statement of the Issues.**

2.      The issues presented in this Motion are the following:

- Whether Plaintiff's claims should be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.

**B. Standard of Law for Dismissal Under FRCP 12(b)(6).**

3.      Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plaint statement of the claim showing that the pleader is entitled to relief. This pleading standard does not require that the pleader is entitled to relief. This pleading standard does not require detailed factual allegations, but it demands more than unadorned, the defendant unlawfully harmed me accusation. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that offers labels and conclusions or a formulatic recitation of the elements of a cause of action will not do. 129 S. Ct. at 1949 (quoting 550 U.S. at 555). Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement. 129 S. Ct. at 1949 (quoting 550 U.S. at 557).

4.      On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. In *Twombly*, the Supreme Court upheld a Rule 12(b)(6) dismissal because the complaint did not allege sufficient facts showing a claim was plausible rather than merely conceivable. Id. at 570. Thus, [i]n reviewing a motion to dismiss action pursuant to rule 12(b)(6)… [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to

relief above the speculative level. *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

5. The Court is required to take the factual allegations in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993). However, the Court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Jordan v. Alternate Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006).

6. Furthermore, Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Young v. Vannerson*, 612 F. Supp.2d 829, 836 (S.D. Tex 2009 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court. *Smith v. The Abandoned Vessel*, 610 F. Supp.2d 739, 748 (S.D. Tex. 2009). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. See *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Further, it is well established in this circuit that parties cannot confer jurisdiction on a court by agreement. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) ("It is true that subject matter jurisdiction cannot be created by waiver or consent.")

**C. Plaintiff Pleads No Facts or Causes of Action Justifying Relief.**

7. The Supreme Court, in *Iqbal*, encouraged a two-step analysis for a motion to dismiss a complaint on the ground that it pled insufficient facts to state a claim. First, a court can begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth that is normally given to allegations. 129 S. Ct. at 1950. The court must keep

in mind that while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Thus, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. *Id*. at 1949-50. Second, when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950.

    1.    <u>Plaintiff has Merely Pled Conclusory Allegations with Insufficient Facts.</u>

8.    The first step of the Supreme Court's *Iqbal* analysis states that a court should identify conclusory pleadings that are not entitled to the assumption of truth. *Id*. Essentially, these "are bare assertions…[which] amount to nothing more than a formulatic recitation of the elements of a…claim…." *Id*. at 1951 (quoting *Twombly*, 550 U.S. at 555). Based on the first step of this analysis, Defendant submits the following list of Plaintiff's conclusory allegations:

- FULTON FRIEDMAN & GULLACE LLP and JOHNETTA LANG violated the 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

- FULTON FRIEDMAN & GULLACE LLP and JOHNETTA LANG violated the 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

- FULTON FRIEDMAN & GULLACE LLP and JOHNETTA LANG violated the 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

- LOW & MORGAN PLLC, M. KIP MORGAN, JOSHUA SMITH and JOHN DOE violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

- LOW & MORGAN PLLC, M. KIP MORGAN, JOSHUA SMITH and JOHN DOE violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

- Defendants LOW & MORGAN PLLC, and M. KIP MORGAN are third party debt collectors within the meaning of the Texas Finance Code §392.001(7)

- LOW & MORGAN PLLC and M. KIP MORGAN do not have a surety bond filed with the Texas Secretary of State authorizing them to do business as a third party debt collector in the state of Texas per Texas Finance Code § 392.101.

9. The above allegations amount to nothing more than a "formulaic recitation of the elements" of claims disguised as factual allegations. *Twombly*, 550 U.S. at 555. Furthermore, Plaintiff's claims are blatantly conclusory. As such, they are not entitled to be assumed true. *Iqbal*, 129 S. Ct. at 1951. As the Supreme Court clarified in *Iqbal*, "we do not reject these bald allegations on the ground that they are unrealistic or nonsensical…It is the conclusory nature of [Plaintiff's] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Id*. Without well-pleaded facts to support Plaintiff's claims, they should be dismissed under rule 8 of the Federal Rules of Civil Procedure.

    2.    <u>Plaintiff's Claims Do Not Give Rise to a Plausible Entitlement to Relief.</u>

10. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 1949. Further "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]— that the pleader is entitled to relief." *Id*. at 1950 (citing Fed. R. Civ. P. 8(a)(2)). Following the second step of the Supreme Court's analysis, Plaintiff has not shown himself plausibly entitled to any relief. Apart from his conclusory statements that Defendants are liable, Plaintiff has not shown why he is entitled to relief or that he suffered any harm warranting relief. Plaintiff "has not nudged [his] claims…across the line from conceivable to plausible." *Id*. at 1951. Because Plaintiff has done no more than provide legal conclusions, without substantiating them with factual support, his claims should be dismissed according to Rule 8 of the Federal Rules of Civil Procedure.

### 3. Plaintiff Pleads No Facts to Plausibly Show Defendants Performed any Debt Collection Activity.

11. Plaintiff states the following within his general allegations as the activity conducted by Defendants:

- The complaint was filed by FULTON FRIEDMAN & GULLACE LLP law firm signed by Johnetta Lang, Esq. SBN#24036943 as the attorney of record.

- Three hearings were scheduled during this case. The first hearing was scheduled for July 27, 2011 at 8:15AM. Defendant Ricky John Hubbard appeared and was advised by the court that JOSHUA SMITH, assumed by Defendant to be an attorney, called indicating he had car trouble and could not make the 10:00 hearing to represent MIDLAND FUNDING, LLC.

- The second hearing was scheduled for February 22, 2012 at 10:30AM. Defendant Ricky J. Hubbard appeared, and Attorney M. Kip Morgan of LOW & MORGAN PLLC appeared to represent the Plaintiff MIDLAND FUNDING LLC.

- Presiding Judge Prindle at the request of M. Kip Morgan, granted Plaintiff additional time to produce a credit card agreement, and purchase slips signed by Defendant Ricky John Hubbard.

- The third hearing was scheduled for October 30, 2012 at 10:15AM. JOHN DOE, assumed to be an attorney, appeared in court representing the Plaintiff MIDLAND FUNDING LLC. JOHN DOE did not present documents requested by the court. The case was dismissed.

Doc. 1 at 4-5. These allegations fail to demonstrate any facts to give claims to relief against Defendants and further fail to show facts giving rise to a plausible entitlement to relief. Plaintiff fails to state any facts giving rise to a violation of any provision found within FDCPA § 1692e. There are no facts to show there was any false representation regarding a debt, no facts to show there was any communication or threat to communicate false credit information, and no facts to show any false representation or deceptive means were used in an attempt to collect a debt or to obtain information concerning a consumer. *Id*. More importantly, Plaintiff fails to allege any facts to show any of the Defendants conducted any debt collection activity. *Id*. Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce

or the mails in any business the principle purpose of which is the collection of any debts….” 15 U.S.C. § 1692a(6). Plaintiff pleads no facts regarding **any** use of any instrumentality of interstate commerce. Without any allegations of debt collection activity there cannot be any violation of the FDCPA. More importantly, shifting to the TDCA if Texas Finance Code § 392, *et al*, Plaintiff fails to plead any facts to show that Defendants Low & Morgan PLLC and M. Kip Morgan are third party debt collectors under the definition found in Texas Finance Code § 392.001(7). Further, unlike the FDCPA, the TDCA actually defines "debt collection" which is "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." Tex. Fin. Code § 392.001(5). Plaintiff pleads to facts to demonstrate Defendants Low & Morgan PLLC and M. Kip Morgan participated in any "debt collection" under the TDCA. Plaintiff merely alleges that Defendants Low & Morgan PLLC and M. Kip Morgan represented Midland Funding LLC in a lawsuit, which does not fall under the definition of "debt collection". As Plaintiff fails to allege any facts that Defendants Low & Morgan PLLC and M. Kip Morgan were third-party debt collectors or participated in debt collection as both are defined in the TDCA, Plaintiff fails to give rise to a claim for relief or a plausible entitlement to relief under TDCA § 392.101 for not having a surety bond filed with the Texas Secretary of State. Plaintiff's claims must be dismissed as a matter of law for failure to demonstrate any facts to give claims to relief against Defendants and failure to give rise to a plausible entitlement to relief under the TDCA.

### III.

### CONCLUSION

12. Plaintiff's claims against Defendants should be dismissed under FRCP 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted. Plaintiff fails to plead a

proper cause of action for relief or facts to support the action requiring dismissal under FRCP 12(b)(6). For these reasons outlined within this Motion, Plaintiff's claims should be dismissed in their entirety.

WHEREFORE, PREMISES CONSIDERED, Defendants Fulton Friedman & Gullace, LLP, Johnetta Lang, Low & Morgan, PLLC, and M. Kip Morgan respectfully pray that Plaintiff's claims be dismissed in their entirety and with prejudice, and that this Court grant any other relief, either in law or equity, to which it is justly entitled.

Respectfully submitted,

**ROBBIE MALONE, PLLC**

/s/ Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
XERXES MARTIN
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
TEL: (214) 346-2630
FAX: (214) 346-2631

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to Plaintiff via Certified Mail Return Receipt Requested and Regular Mail, and to all other Counsel via ECF on this 13th day of June, 2013 to:

Ricky J. Hubbard
501 Sycamore Lane
Apt. 225
Euless, Texas 76039

/s/ Robbie Malone
Robbie Malone