ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2013 JUN 27 PM 4: 23

CLERK OF COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **RICKY JOHN HUBBARD**<br>*Plaintiff,*<br><br>VS<br><br>**MIDLAND CREDIT MANAGEMENT INC.**<br>**MIDLAND FUNDING LLC**<br>**ENCORE CAPITAL GROUP INC.**<br>**FULTON FRIEDMAN & GULLACE LLP**<br>**JOHNETTA LANG**<br>**LOW & MORGAN PLLC**<br>**M. KIP MORGAN**<br>**JOSHUA SMITH, ATTORNEY**<br>**JOHN DOE, ATTORNEY**<br>*Defendants.* | **Cause No.: 4-13-CV-112-Y**<br><br>**Judge** TERRY MEANS<br><br><br><br><br><br>**TRIAL BY JURY DEMANDED** |

## PLAINTIFF'S RESPONSE TO DEFENDANTS FULTON FRIEDMAN & GULLACE LLP, JOHNETTA LANG, LOW & MORGAN PLLC, M. KIP MORGAN MOTION TO DISMISS ORIGINAL COMPLAINT

COMES NOW the Plaintiff, Ricky John Hubbard, and hereby submits his response to Defendants, Fulton Friedman & Gullace LLP, Johnetta Lang, Low & Morgan PLLC, and M. Kip Morgan's motion To Dismiss Original Complaint. In support thereof, Plaintiff states as follows:

### I. STATEMENT OF FACTS

1. On April 7, 2011 Johnetta Lang, an attorney and registered agent for Fulton Friedman & Gullace, LLP, filed a lawsuit on behalf of Midland Funding LLC, a third party debt collector. (Document 1 at ¶ 12). Johnetta Lang sought $5074.59, court cost, attorney fees, and prejudgment interest (see exhibit 1) in a letter submitted to the court, but not received by Ricky John Hubbard, states the amount of the alleged debt was $5076.25 (see exhibit 2)

2.  Documents were presented to the court by Johnetta Lang, which identified Fulton Friedman

    & Gullace, LLP, as a law firm in the practice of debt collection. A disclosure Statement is

    noted on the documents submitted to the court as follows: "This is an attempt to collect a

    debt and any information obtained will be used for that purpose. This correspondent is from a

    debt collector (see exhibit 3 Pages 1 -3)."

3.  Johnetta Lang is noted in the case as the attorney of record (see exhibit 4 Pages 1-4). Johnetta

    Lang and/or Midland Funding LLC solicited M. Kip Morgan, an attorney with Low &

    Morgan PLLC who appeared in court on February 22, 2012 representing Midland Funding.

    M. Kip Morgan acted in the capacity of a third party debt collector (Document 1 ¶ 23). M.

    Kip Morgan appeared in court while on a fully probated spanning from December 01, 2010

    to November 30, 2012, as per the Texas Bar Association. (Document 1 at ¶ 53a).

4.  Four people assumed to be attorney's contacted the court and/or appeared in court stating

    that they were representing Midland Funding LLC. Every appearance was a different person

    assumed to be an attorney.

5.  The alleged debt amount was not validated, two conflicting amounts are reflected in the

    cases cited (see exhibit 1 & 2). Requests for attorney fees, court cost, and/or prejudgment

    interest were not substantiated. Johnetta Lang, Low & Morgan PLLC, nor M. Kip Morgan

    were able to submit a signed agreement establishing the validity of the alleged debt, nor did

    either party establish the right to recover attorney fees, court cost, or prejudgment interest.

## II. STANDARD

6.  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

    claim showing that the pleader is entitled to relief, in order to give the defendant fair notice

    of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). [A] complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations." Id. at 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. At 570.

7. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests." Friends of Lake View School District v. Beebe, 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegations or specific facts that describe the evidence to be presented. Id. at 555. A plaintiff satisfies his burden if he alleges facts sufficient to allow a court to infer "more than the mere possibility of misconduct." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

8. Well pleaded allegations of fact and every inference fairly deducible there from are accepted as true for the purposes of a motion to dismiss. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). "[A] well pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and "that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556.

### III. THE FDCPA IMPOSES A STRICT LIABILITY STANDARD

9. The FDCPA, 15 U.S.C § 1692, et seq., is a strict liability statue. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997); see also Irwin v. Mascott, 112 F. Supp. 2d 937 (N.D Cal. 2000); Pittman v. J.J. Mac Intyre Co. of Nevada, Inc., 969 F. Supp. 609 (D. Nev. 1997). "Because the act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30, 33-34 (2d Cir.1996).

## IV. THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMERS-DEBTORS

10. The FDCPA is a remedial statue. Hamilton v. Healthcare of Louisiana, Inc., 310 F. 3d 385,

(5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally.

Clark v. Capital Credit & Collections Services Inc., 460 F. 3d 1162, 1176 (9th Cir. 2006).

"Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. §1601 et seq., is a

remedial statue, it should be construed liberally in favor of the consumer." Johnson v. Riddle,

305 F. 3d 1107, 1117 (10th Cir. 2002).

## V. THE FDCPA IS TO BE INTERPETED IN ACCORDANCE WITH THE LEAST SOPHISTICATED CONSUMER STANDARD

11. The FDCPA is to be interpreted "under an unsophisticated or least sophisticated consumer

standard." Gonzales v. Kay, 577 F. 3d 600, 603 (5th Cir. 2009) (quoting Goswami v. Am.

Collections Enter., Inc., 377 F. 3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry,

deLaunay & Durand, 103 F. 3d 1232, 1236 (5th Cir. 1997). A court must "assume that the

plaintiff is neither nor experienced in dealing with creditors." Goswami v. Am. Collections

Enter., Inc., 377 F. 3d at 495. "This standard serves the dual purpose of protecting all

nconsumers, including the inexperienced, the untrained and the credulous, from deceptive

debt collection practices and protecting debt collectors against liability for bizarre or

idiosyncratic consumer interpretations of collection materials." Taylor v. Perrin, Landry,

deLaunay & Durand, 103 F. 3d at 1236.

## VI. PLAINTIFF IS A CONSUMER, DEFENDANTS ARE DEBT COLLECTORS, AND THE SUBJECT OBLIGATION IS DEBT, AS DEFINED BY THE FDCPA

12. **Plaintiff is A "Consumer" As defined by the FDCPA.** "Consumer" is defined by the FDCPA as a natural person obligated or alleged to be obligated to repay a debt." 15 U.S.C. § 1692a(3). (Document 1 at ¶ 7)

13. **Defendants are "Debt Collectors" As Defined by FDCPA.** "Debt Collector" is defined by the FDCPA as "Any person who uses any instrumentality of interstate commerce in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plaintiff has alleged that Defendants are "debt Collectors" within the meaning of 15 U.S.C. § 1692a(6). (Document 1 at ¶ ¶ 11-14)

14. **Plaintiff's obligation is a "Debt" As Defined by FDCPA.** "Debt" is defined by the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15U.S.C § 1692a(5). Plaintiff has alleged that Defendant claims that Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a third party, and that Plaintiff's obligation, or alleged obligation, owed or due, or asserted by Defendant to be owed or due arises from a transaction or transactions in which the money, property, insurance, goods and/or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes.

## VII. THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.

15. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statue which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices.

16. FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt. *Baker v. G.C. Services*

*Corp.*, 677 F. 2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

## VIII. PLAINTIFF ESTABLISHED THE JURIS DICTION OF THIS COURT

17. Defendants argue subject matter jurisdiction is not established (see Motion to Dismiss page 3 ¶ 6) for this court. Plaintiff properly addressed the jurisdiction of this court in the Original Complaint ( Document 1 ¶¶ 4,5)

## IX. PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO STATE A COGNIZABLE CAUSE OF ACTION AGAINST DEFENDANTS FOR VIOLATION OF 15 U.S.C. §1692e(2), 15 U.S.C. § 1692e(8), AND 15 U.S.C. § 1692e(10).

18. In its motion to dismiss, Defendants argue that Plaintiff pleads no facts or causes of action justifying relief for violation of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692, et seq. (see Defendant's Motion to Dismiss, at pp. 3-6).

19. Defendants Fulton Friedman & Gullace LLP, Johnetta Lang, Low & Morgan PLLC, and M. Kip Morgan sought recovery of an alleged debt of 5074.59, court cost, attorney fees, and prejudgment interest without validating the debt. Defendants violated 15 U.S.C. § 1692e(2) the false representation of  a) the character, amount, or legal status of any debt; or b) Any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. (see exhibits 1 & 2)

20. Defendants Fulton Friedman & Gullace LLP, Johnetta Lang, Low & Morgan PLLC, and M. Kip Morgan failed to communicate that this debt was disputed, therefore incorrect information continued to be communicated to the credit reporting agency monthly. Defendants violated 15 U.S.C. § 1692e(8) Communicating or threatening to communicate to

any person credit information which is known or should be known to be false, including the failure to communicate a disputed debt is disputed.

21. Defendants Fulton Friedman & Gullace LLP, Johnetta Lang, Low & Morgan PLLC, and M. Kip Morgan violated 15 U.S.C §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (see exhibit 1 & 2).

## X. PLAINTIFF HAS SUFFICIENTLY ALLEGED LOW & MORGAN PLLC AND M. KIP MORGAN VIOLATED THE TEXAS DEBT COLLECTION PRACTICES ACT

22. Plaintiff complaint contains claims under the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code § 392.101, et seq. M. Kip Morgan acted in the capacity of a third party debt collector when he appeared in court representing Midland Funding LLC a professed third party debt collector. The Tex. Fin. Code definition of a debt collector is "A person who directly or indirectly engages in debt collection, including a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts.(Document 1 ¶¶ 52, 53a & 53b)

23. The Tex. Fin. Code § 392.101 requires that a "a third party debt collector or credit bureau may not engage in debt collection unless the third party debt collector or credit bureau has obtained a surety bond issued by a surety company or authorized to do business in the state of Texas as prescribed by this section. A copy of the bond must be filed with the secretary of State." .( see exhibit 5 pages 1 – 2)

24. Tex. Fin. Code § 392.403 Civil Remedies A) A person may sue for 1) Injunctive relief to prevent or restrain a violation of this chapter; and 2) Actual damages as a result of a violation of this chapter.

WHEREFORE, if the court finds that the Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff requests leave of the court to amend his complaint so that he may correct any and all deficiencies identified by the court.

Dated: June 27, 2013

Respectfully Submitted,

Ricky J. Hubbard
501 Sycamore Ln.
Apt. 225
Euless, Texas 76039
817-480-3244

CIVIL JUSTICE SUIT W/DISCOVERY

***** C I T A T I O N *****

T H E   S T A T E   O F   T E X A S

TO:   HUBBARD, RICKY

501 SYCAMORE LN APT 225

EULESS        TX 76039

**DISCOVERY ATTACHED**

DEFENDANT(S), GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR BY FILING A WRITTEN ANSWER TO THE PLAINTIFF'S PETITION AT OR BEFORE TEN O'CLOCK A.M. OF THE MONDAY NEXT AFTER THE EXPIRATION OF TEN DAYS AFTER THE DATE OF SERVICE OF THIS CITATION BEFORE THE JUSTICE COURT, PRECINCT NO. 03 - HURST AT 645 GRAPEVINE HWY HURST          , TARRANT COUNTY, TEXAS, 76054, SAID PLAINTIFF BEING

MIDLAND FUNDING LLC ASSIGNEE
OF CHASE BANK USA, N.A.

PLAINTIFF

AND SAID:

RICKY HUBBARD

DEFENDANT

FILED THE 7TH DAY OF APRIL    2011, FILE NO. C00029171  SUED UPON CIVIL JUSTICE SUIT W/DISCOVERY    FOR THE SUM OF    $5,074.59, PLUS COURT COSTS, PLUS ATTORNEY FEES,   PLUS PRE-JUDGMENT INTEREST.

PLAINTIFF RESERVES THE RIGHT TO PLEAD FURTHER ORALLY AT TIME OF TRIAL. *************************************************************************
************************************ NOTICE TO DEFENDANT **********************

YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TEN DAYS AFTER YOU WERE SERVED THIS CITA-TION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. *************************************************************************

THE OFFICER EXECUTING THIS WRIT SHALL PROMPTLY SERVE THE SAME ACCORDING TO REQUIREMENTS OF LAW, AND THE MANDATES HEREOF, AND MAKE DUE RETURN AS THE LAW DIRECTS

GIVEN UNDER MY HAND THIS 12TH DAY OF APRIL     , 2011

JUDGE RUSSELL B. CASEY
A JUSTICE OF THE PEACE IN AND FOR
PRECINCT NO.03 - HURST
TARRANT COUNTY, TEXAS

BY   *Maria delatone*
CLERK OF THE JUSTICE COURT

**mcm**
Return Mail Only - No Correspondence
Dept. 12421
PO Box 603
Oaks, PA 19456

| MCM Account Number | |
|---|---|
| | 8537226847 |
| Original Creditor | |
| | CHASE BANK USA N.A. |
| CURRENT BALANCE | |
| | $5,076.25 |
| PAYMENT DUE DATE | |
| | 01-05-2011 |

11-21-2010

18824 - 078

#BWNHLTH
#0000 0853 7226 8475#
RICKY J HUBBARD
501 SYCAMORE LN APT 225
EULESS, TX 76039-4406

## NOTICE OF NEW OWNERSHIP *AND* PRE-LEGAL REVIEW

Dear RICKY J HUBBARD,
Midland Funding LLC recently purchased your CHASE BANK USA N.A. account
and Midland Credit Management, Inc. ("MCM"), a debt collection company, is
the servicer of this obligation.

Midland Credit Management, Inc. is considering forwarding this account to an
attorney in your state for possible litigation. However, such forwarding will not
occur until after the expiration of the time period described on the back of the
letter.  Upon receipt of this notice, please call to discuss your options.

If we don't hear from you or receive payment by 01-05-2011, we may proceed
with forwarding this account to an attorney.

**What do you need to do to stop this process from continuing?**

    1) Mail in $750.00 and call to set up your remaining payments.
    2) Call us today to see how to qualify for discounts and payment plans.

**LET US HELP YOU!**  If the account goes to an attorney, our flexible options
may no longer be available to you.  There still is an opportunity to make
arrangements with us.  We encourage you to call us today: (800) 265-8825.

Sincerely,

Recovery Department
Midland Credit Management, Inc.
(800) 265-8825

### BENEFITS OF PAYING!

➤ This may be your last
chance to work with us
before the account goes
to an attorney.

➤ No additional interest
will be charged to your
account.

➤ Get rid of this debt and
get on with your life.

*Once your account is paid,*

➤ All collection calls and
letters on this account will
stop!

➤ We will notify the credit
bureaus the debt is PAID
IN FULL.*

**CALL US TODAY!**
(800) 265-8825

Hours of Operation:
M-Th 6am - 7:30pm MST
Fri 6am - 5pm;
Sat 6am - 11am;

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**
*Please tear off and return lower portion with payment in the envelope provided*

---

### PAYMENT COUPON

MCM Account No.:   8537226847
Original Account No.: ▮▮▮▮3117
Current Balance:    $5,076.25

Payment Due Date: 01-05-2011

Amount Enclosed: _____

Make check payable to:
Midland Credit Management, Inc.

**mcm** Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

Exhibit 3 Page 1 of 3

# FULTON FRIEDMAN & GULLACE LLP

### COLLECTIONS, CONSULTING & LITIGATION

**NEW YORK**
500 FIRST FEDERAL PLAZA
ROCHESTER, NEW YORK 14604

**TELEPHONE**
**(866) 563-0809**

**TEXAS**
1001 TEXAS AVENUE
SUITE 500
HOUSTON TX 77002

June 7, 2011

County of TARRANT
645 Grapevine Hwy, No 2
HURST TX 76054

**RE:  CAUSE NO. C00029171;  Midland Funding LLC  assignee of CHASE BANK USA N.A. vs RICKY HUBBARD ; IN THE JUSTICE COURT; TARRANT COUNTY, TEXAS**

Dear Court Clerk:

*Please see enclosed an original and one (1) copy of Certificate of Written Discovery and Self-addressed stamped envelope.*

*Please file all in accordance with your office procedures and return the copy to our firm in the self-addressed stamped envelope. Thank you in advance for your assistance in this matter.*

Sincerely,

Fulton Friedman & Gullace, LLP
**Attorneys in the Practice of Debt Collection**

By: Johnetta Lang, Esq.   SBN#24036943

FFG file#: 292507

CC:   RICKY HUBBARD
501 SYCAMORE LN APT 225
EULESS TX 76039

**Disclosure: This is an attempt to collect a debt and any information obtained will be used for that purpose. This correspondence is from a debt collector.**



# FULTON FRIEDMAN & GULLACE, LLP

### COLLECTIONS, CONSULTING & LITIGATION

LICENSED IN ARIZONA, CALIFORNIA, DISTRICT OF COLUMBIA, MARYLAND, NEW YORK, PENNSYLVANIA, TENNESSEE & TEXAS

**NEW YORK**
500 FIRST FEDERAL PLAZA
ROCHESTER, NEW YORK14614

**TELEPHONE
(866) 563-0809**
JOHNETTA D. LANG, ESQ.
DIRECT DIAL (713) 300-6390

**TEXAS**
1001 TEXAS AVENUE
SUITE 500
HOUSTON, TEXAS 77002

June 6, 2011

RICKY HUBBARD
501 SYCAMORE LN APT 225
EULESS TX 76039

RE:  CAUSE NO. C00029171; Midland Funding LLC assignee of CHASE BANK USA N.A. v. RICKY HUBBARD ; IN THE JUSTICE COURT; TARRANT, TEXAS; FFG ACCT NO. 292507

Dear RICKY HUBBARD:

Balance Due:          $5074.59
Account Number:   XXXXXXXXXXXX3117
Creditor:                Midland Funding LLC assignee of CHASE BANK USA N.A.

Pursuant to your request, enclosed please find the above referenced information of the claim referred to our office for collection.  Please note that the name and address of the creditor is Midland Funding LLC assignee of CHASE BANK USA N.A., 8875 Aero DriveSuite 200San Diego CA 92123.

*Disclosure: This letter is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.*

Fulton Friedman & Gullace, LLP
**Attorneys in the Practice of Debt Collection**

By: _____
Johnetta Lang, Esq Attorneys for Plaintiff

*Disclosure: This is an attempt to collect a debt and any information obtained will be used for that purpose. This correspondence is from a debt collector.*

**CAUSE NO. C00029171**

| | | |
|---|---|---|
| **Midland Funding LLC** | § | **IN THE JUSTICE COURT** |
| assignee of CHASE BANK USA N.A. | | |
| **Plaintiff** | | |
| | | |
| **VS** | § | **JP PRECINCT 3 PLACE 1** |
| | | |
| **RICKY HUBBARD** | § | **TARRANT COUNTY, TEXAS** |

### CERTIFICATE OF WRITTEN DISCOVERY

**To:     DEFENDANT BY AND THROUGH THE DEFENDANT OR DEFENDANT'S ATTORNEY OF RECORD RICKY HUBBARD, 501 SYCAMORE LN APT 225 , EULESS TX 76039.**

Plaintiff, **Midland Funding LLC  assignee of CHASE BANK USA N.A.**, files this Certificate of Written Discovery directed to the Defendant(s), **RICKY HUBBARD** , pursuant to the applicable local rules and states that the discovery set forth below was served upon the Defendant or Defendant's attorney of record on June 7, 2011.

#### Discovery Served
- Plaintiff's Response to Defendants Request for Disclosures

Respectfully submitted,
FULTON FRIEDMAN & GULLACE LLP
**Attorneys in the Practice of Debt Collection**

By: _____
Johnetta Lang, Esq.   SBN#24036943
The Binz Building
1001 Texas Avenue, Suite 500
Houston, Texas  77002
Tel. (866) 563-0809/ Fax (281) 888-2400
**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2011, a true and correct copy of the foregoing instrument was sent to Defendant or Defendant's Attorney of Record as follows:
RICKY HUBBARD
501 SYCAMORE LN APT 225
EULESS TX 76039

☐   By Fax
☐   By Certified Mail #

☐   By Hand Delivery
☒   By First Class U.S. Mail

FULTON FRIEDMAN & GULLACE LLP

By: _____
Johnetta Lang, Esq.   SBN#24036943

# CASE SUMMARY
## CASE NO. JP03-C00029171

| | | |
|---|---|---|
| **MIDLAND FUNDING LLC ASSIGNEE OF CHASE BANK USA, N.A. vs RICKY HUBBARD** | § § § § § § | Location: **JP No 03** |
| | | Judicial Officer: **Casey, Russell B.** |
| | | Filed on: **04/07/2011** |
| | | Appear by: **10/30/2012** |
| | | Mainframe Reference **2474021** |
| | | Number: |

---

### CASE INFORMATION

**File Date** 04/07/2011

**Cause of Action**    Claim

**Description/Remedy**
Action
JUST: CIVIL JUSTICE SUIT W/DISCOVERY
$5,074.59 Monetary
*Comment: Action Amount*

Case Type: **Justice Suits**

Case Status: **04/07/2011  Filed**

---

### CASE ASSIGNMENT

| DATE | |
|---|---|
| | **Current Case Assignment** |
| | Case Number    JP03-C00029171 |
| | Court    JP No 03 |
| | Date Assigned    04/07/2011 |
| | Judicial Officer    Casey, Russell B. |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **MIDLAND FUNDING LLC ASSIGNEE OF CHASE BANK USA, N.A.** | **LANG, JOHNETTA** *Retained* 281-888-2400(F) 866-563-0809(W) *1001 TEXAS AVE UNIT 500 HOUSTON, TX 77002* |
| **Defendant** | **HUBBARD, RICKY** | **Pro Se** 817-480-3244(W) *501 SYCAMORE LN APT 225 EULESS, TX 76039* |

---

### EVENTS & ORDERS OF THE COURT

| DATE | |
|---|---|
| | **EVENTS** |
| 04/07/2011 | Historical Comments *CIVIL JUSTICE SUIT W/DISCOVERY FOR BREACH OF CONTRACT: PLTF PRAYS JUDGMENT AGAINST DEFENDANT, RICKY HUBBARD BE GRANTED FOR $5074.59, PLUS REASONABLE ATTORNEY'ES FEES, COST OF COURT, POST JUDGMENT INTEREST AT A RATE ALLOWABLE BY LAW, AND SUCH OTHER AND FURTHER RELIEF, LEGAL OR EQUITABLE, AS THIS COURTDEEMS APPROPRIATE. (MMD)* |
| 04/07/2011 | Historical Comments *NEED MILITARY AFFIDAVIT(MMD)* |
| 04/07/2011 | Original Petition Filed *HURST* |
| 04/07/2011 | Payment Receipt *RECEIPT OF PAYMENT | PAYMENT RECEIVED* |
| 04/12/2011 | Historical Comments *CITN ISSUED AND WAITING FOR PPS TO PICK UP FOR SERVICE.(MMD)* |

Printed on 09/14/2012 at 10:56 AM

Exhibit 4 Page 2 of 4

# CASE SUMMARY
## CASE NO. JP03-C00029171

| | |
|---|---|
| 04/12/2011 | **Paper**<br>*ISSUE PAPER | PAPER 001 ISSUED TO PPS* |
| 04/18/2011 | **Historical Comments**<br>*CITNS GIVEN TO PPS FOR SERVICE. (CL)* |
| 04/21/2011 | **Service**<br>*PAPER SERVED | PAPER 001 SERVED BY PPS* |
| 04/25/2011 | **Historical Comments**<br>*CITN RTRD SERVED. PPS-VICKI ACORD-SCH-7484 EXECUTED CITN ON 4/21/11 AT 1118ABY DELIVERING TO RICKY HUBBARD AT 501 SYCAMORE LANE APT 225, EULESS,TX 76039(MMD)* |
| 04/29/2011 | **Historical Comments**<br>*RCVD DEFENDANT'S ORIGINAL RESPONSE TO PLAINTIFF'S PETITION; DEFENDANT DENIESTHE ALLEGATIONS CONTAINED IN PARAGRAPHS 1 & 2 OF PLAINTIFF'S COMPLAINT; ALSORCVD DEFN'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS; CERTIFICATE OF SERVICE; SET FOR TRIAL /CB* |
| 05/04/2011 | **Historical Comments**<br>*TRIAL SET FOR 7/27/11 AT 10:00AM; WILL BE GIVEN TO MARIA TOMORROW TO SEND OUT TRIAL LETTERS./MEK* |
| 05/05/2011 | **Historical Comments**<br>*PER MEK CHECKED DOCKET FOR CORRECT DATE AND TIME, SENT TRIAL NOTICE FOR 7/27/11 AT 10AM TO ALL PARTIES.(MMD)* |
| 05/31/2011 | **Historical Comments**<br>*RECEIVED DEFENDANT'S MOTION FOR FULL DISCLOSURE OF ALLEGED DEBT; CERTIFICATEOF SERVICE ATTACHED; WITH ATTACHMENTS; DEFENDANT ALSO SUBMITTED DEFENDANT'S MOTION FOR 30 DAY EXTENSION TO RESPOND TO RULE 194 OF TEXAS RULES OF CIVIL PROCEDURE; CERTIFICATE OF SERVICE ATTACHED. (CL)* |
| 06/09/2011 | **Historical Comments**<br>*PLTFS ATTY SUBMITTED A CERTIFICATE OF WRITTEN DISCOVERY; CERTIFICATE OF SERVICE ATTACHED. (CL)* |
| 06/10/2011 | **Historical Comments**<br>*PLTFS ATTY SUBMITTED A CERTIFICATE OF WRITTEN DISCOVERY; CERTIFICATE OF SERVICE ATTACHED. (CL)* |
| 06/16/2011 | **Historical Comments**<br>*MAILED LETTER TO DEFN INFORMING HIM THE COURT CANNOT GRANT EXTENSIONS ON DISCOVERY; AND THERE IS A STANDARD 50 DAY TIME FRAME TO FRAME TO ANSWER DISCOVERY WHEN SERVED WITH ORIGINAL PETITION. (CL)* |
| 06/28/2011 | **Historical Comments**<br>*PLTFS ATTY SUBMITTED A NOTICE OF FILIND BUSINESS RECORDS WITH A CERTIFICATE OF SERVCIE AND SEVERAL ATTACHMENTS. (CL)* |
| 07/21/2011 | **Historical Comments**<br>*DEFN SUBMITTED A MOTION TO CONTINUE (RESCHEDULE) HEARING; WITH FIAT AND CERTIFICATE OF SERVICE ATTACHED; FORWARDED TO JUDGE FOR REVIEW AND APPROVAL.(CL)* |
| 07/22/2011 | **Historical Comments**<br>*JUDGE CASEY DENIED DEFN'S MOTION TO CONTINUE (RESCHEDULE) HEARING; COULD NOTCALL DEFN BECAUSE THE COURT HAS NO NUMBER ON FILE FOR DEFN. CALLED PLTF'S ATTY, LEFT MSG FOR PLTF'S ATTY AT 866-563-0809 INFORMING OF SAME. (MMD)* |
| 07/26/2011 | **Historical Comments**<br>*DEFN CALLED IN REGARDING HIS MTN FOR 60 DAY CONTINUANCE; ASKED HIM FOR HIS PHONE NUMBER AS WE DID NOT HAVE A NUMBER ON FILE FOR HIM; ADVISED DEFN THAT HIS REQUEST HAD BEEN DENIED./MEK* |
| 07/27/2011 | **Historical Comments**<br>*DEFN CALLED IN TO SEE IF THE JUDGE WOULD HEAR A DISMISSAL AS THE CASE IS SET FOR TRIAL; INFORMED HIM IF HE WANTED TO SUBMIT IT WE WILL PRESENT IT TO THE JUDGE AND IT WILL BE UP TO HIM AT TIME OF TRIAL. (CL)* |
| 07/27/2011 | **Historical Comments**<br>*PLAINTIFF'S ATTY JOSHUA SMITH CALLED AT 8:15 INDICATING HE WILL NOT BE* |

# CASE SUMMARY

## CASE NO. JP03-C00029171

|  |  |
|---|---|
| | *ABLE TO MAKE IT TO 10:00 HEARING THIS MORNING BECAUSE HE IS HAVING CAR ISSUES. WANTS THE JUDGE TO CALL THE ATTORNEY AS SOON AS HE ARRIVES TO DISCUSS. TOOK MESSAGE, LEFT IT ON JUDGE C'S DESK/CR* |
| 07/27/2011 | Historical Comments<br>*DEFN SUBMITTED A DEMAND TO DISMISS; CERTIFICATE OF SERVICE ATTACHED. (CL)* |
| 07/27/2011 | Historical Comments<br>*PER JUDGE CASE RESET; DEMAND TO DISMISS WILL BE HEARD AT TIME OF TRIAL; PLACED JACKET IN TRIAL BIN. (CL)* |
| 08/15/2011 | Historical Comments<br>*PLTFS ATTY SUBMITTED A FAX REQUESTING STATUS OF THE CASE. (CL)* |
| 08/19/2011 | Historical Comments<br>*TRIAL SET FOR 2/22/12 AT 10:30AM; GIVEN TO CHRISTINE TO SEND OUT TRIAL LETTERS./MEK* |
| 08/19/2011 | Historical Comments<br>*MAILED TRIAL LETTERS TO PLTF'S ATTY AND DEFN; VERIFIED CASE IS CORRECTLY PLACED ON DOCKET FOR 02/22/11 AT 10:30 A.M. /CB* |
| 08/23/2011 | Historical Comments<br>*FAXED BACK CONFIRMATION OF STATUS TO PLTFS ATTY.(CL)* |
| 12/15/2011 | Historical Comments<br>*PLAINTIFF'S ATTY SUBMITTED PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITH NOTICE OF FILING BUSINESS RECORDS AFFIDAVIT; CERTIFICATE OF SERVICE; JUDGMENT AND NOTICE OF SUBMISSION OR ORAL HEARING. (CL)* |
| 12/20/2011 | Historical Comments<br>*MOTION FOR SUMMARY JUDGMENT SET ON 2/22/12 AT 10:15 JUST BEFORE TRIAL; ISSUED AND MAILED HEARING LETTERS TO BOTH SIDES. (CL)* |
| 01/13/2012 | Historical Comments<br>*PLTFS ATTY SUBMITTED A FIAT PLAINTIFF'S NOTICE OF HEARING; CERTIFICATE OF SERVICE ATTACHED IN REGARDS TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.(CL)* |
| 01/30/2012 | Motion To Dismiss Filed by Defendant<br>*SECOND DEMAND TO DISMISS FILED BY DEFN. (MMD)* |
| 02/22/2012 | Plaintiff Filed<br>*PLAINTIFF'S ATTY FILED PLAINTIFF'S REPLY TO DEFENDANT'T DEMAND TO DISMISS; CERTIFICATE OF SERVICE ATTACHED; AND ORDER. (CG)* |
| 02/22/2012 | Comments<br>*PER PRESIDING JUDGE PRINDLE CONTINUE PLTF TO GET SIGNED C.C. AGREEMENT AND SIGNED PURCHASE SLIPS; RESET ON REQUEST OF PLTF. (CG)* |
| 02/24/2012 | Plaintiff Filed<br>*PLAINTIFF'S ATTY FILED PLAINTIFF'S REPLY TO DEFENDANT'S DEMAND TO DISMISS CERTIFICATE OF SERVICE ATTACHED; WITH ORDER.(CG)* |
| 06/27/2012 | Plaintiff Requested Trial Setting<br>*MADE BY PLTFS ATTY. (CG)* |
| 08/17/2012 | Comments<br>*NON JURY TRIAL SET FOR 10/30/12 AT 1015AM MAILED NOTICE TO ALL PARTIES CCH* |
| 09/13/2012 | Notice of Filing of Business Records Affidavit Filed<br>*PLACED IN FILE. HMR* |
| 09/14/2012 | Defendant Contacted Court<br>*TO SEE IF THE PLTF HAS SUBMITTED ANYTHING FURTHER INTO THE COURT /JL* |
| 08/17/2012 | **Non-Jury Trial Notice Sent**  (Judicial Officer: Casey, Russell B.) Date: 10/30/2012 |

| Prepared By: | Receiving Party: | Receiving Party Address: |
|---|---|---|
| Haynes, Cynthia | HUBBARD, RICKY | 501 SYCAMORE LN APT 225<br>EULESS, TX 76039 |
| Haynes, Cynthia | LANG, JOHNETTA | 1001 TEXAS AVE<br>UNIT 500<br>HOUSTON, TX 77002 |

| | | |
|---|---|---|
| 04/07/2011 | **Cause of Action**   Claim   (JUST: CIVIL JUSTICE SUIT W/DISCOVERY ) | |

*Printed on 09/14/2012 at 10:56 AM*

# CASE SUMMARY
## CASE NO. JP03–C00029171

| | |
|---|---|
| Action Type | Action |
| Remedies Sought | Monetary   (Action Amount) |

## HEARINGS

07/27/2011 **Non-Jury Trial** (10:00 AM)  (Judicial Officer: Casey, Russell B.)
    *CIVIL JUSTICE SUIT TRIAL*

02/22/2012 **Motions Hearing** (10:15 AM)  (Judicial Officer: Casey, Russell B.)
    *MOTION FOR SUMMARY JUDGMENT*

02/22/2012 **Non-Jury Trial** (10:30 AM)  (Judicial Officer: Casey, Russell B.)
    *CIVIL JUSTICE SUIT TRIAL*

10/30/2012 **Non-Jury Trial** (10:15 AM)  (Judicial Officer: Casey, Russell B.)
    *10/30/2012    Reset by Court to 10/30/2012*

## SERVICE

04/12/2011 **GENERAL JUSTICE CITATION**
HUBBARD, RICKY
Served: 04/21/2011 11:18 AM
Anticipated Server:
Actual Server:
Return Date/Time: 04/25/2011 11:13 AM
Serving Officer:
Service Tracking Comment:
*PPS VICKI ACORD SCH 7484 SERVED RICKY HUBBARD AT 501 SYCAMORE LANE APT 225*
*ISCO: EULESS,TX 76039.(MMD)ISCO:ISCO:ISCO:*

| DATE | FINANCIAL INFORMATION | | |
|---|---|---|---|
| | **Plaintiff** MIDLAND FUNDING LLC ASSIGNEE OF CHASE BANK USA, N.A. | | |
| | Total Charges | | 31.00 |
| | Total Payments and Credits | | 31.00 |
| | **Balance Due as of  9/14/2012** | | **0.00** |
| 04/07/2011 | Charge | Plaintiff MIDLAND FUNDING LLC ASSIGNEE OF CHASE BANK USA, N.A. | 6.00 |
| 04/07/2011 | Charge | Plaintiff MIDLAND FUNDING LLC ASSIGNEE OF CHASE BANK USA, N.A. | 25.00 |
| 04/07/2011 | Payment   Receipt # 0073526 | Plaintiff MIDLAND FUNDING LLC ASSIGNEE OF CHASE BANK USA, N.A. | (31.00) |

*Printed on 09/14/2012 at 10:56 AM*

**FOR IMMEDIATE RELEASE**
July 8, 2011
www.texasattorneygeneral.gov

CONTACT
Press Office at
(512) 463-2050

## Attorney General Abbott Charges Encore Capital Group with Violating Texas Debt Collection Laws
### *State's enforcement action cites Encore for employing unlawful tactics against debtors, relying upon "robo-signers" to sign thousands of false affidavits*

**HOUSTON** – Texas Attorney General Greg Abbott today charged Encore Capital Group, Inc. with falsifying and robo-signing affidavits, attempting to collect debts based upon inaccurate or incomplete account information, and employing unlawful and deceptive debt collection tactics. The State's enforcement action cites the defendants for committing multiple violations of Texas debt collection laws and the Texas Finance Code. Encore, which is one of the nation's largest debt collection companies, and its subsidiaries – Midland Funding, LLC and Midland Credit Management, Inc. – are named as defendants in the case.

According to state investigators, Midland Funding purchased debt portfolios from a broad spectrum of creditors for pennies on the dollar. As the purchaser of the debt, the defendants attempted to collect the money that was allegedly owed to various creditors. However, the defendants' debt collection letters contained very little information about the debt they were attempting to collect, provided no supporting documentation, and included no proof that they actually acquired the debt from the original creditor. When Texans contacted the defendant to dispute the legitimacy of an alleged debt or seek additional information, the defendants made little or no effort to investigate or verify whether their collection efforts were proper.

Court documents filed by the State indicate the defendants sometimes even used incomplete or inaccurate account information, targeted the wrong individuals for collection and attempted to collect debts that had been fully or partially paid. As a result, some Texans unnecessarily suffered financial hardships, such as improperly decreased credit ratings, loss of job opportunities or the ability to refinance their home.

When individuals refused to comply with Midland Funding's improper collection efforts, the defendants hired attorneys to sue the accused debtors. Court documents reveal that the defendants' lawyers filed breach of contract lawsuits demanding principal, interest and attorneys' fees. The defendants have filed more than 60,000 lawsuits in Texas since 2002. According to state investigators, the defendants' lawsuits contained inaccurate information and used false statements to claim they were owed certain debts.

To protect Texans from being sued for debts they did not actually incur, the law may require that debt collectors verify the validity of their claims through "sworn affidavits." However, the defendants submitted falsified affidavits, which the courts relied upon as proof that the debt collector properly verified the identity of the debtor and the amount owed.

The State's investigation revealed that the defendants also employed "robo-signers" to supply the legally required verification. Court documents filed by the State indicate the defendants' robo-signers routinely signed more than 300 affidavits per day and did not actually review the underlying credit agreements or the alleged debtor's payment history. In sworn testimony provided to state investigators, the defendants' robo-signers acknowledged that they also had no personal knowledge of the original debt or the defendant's acquisition of the debt portfolios – which was contrary to the information contained in sworn affidavits that these defendants filed with the courts.

Because the court presumed the falsified affidavits were truthful, judges relied upon them to issue judgments against debtors. As a result, the Attorney General charged the defendants with defrauding the Texas judicial system by knowingly submitting false affidavits to state courts. Because 90 percent of the

defendants' lawsuits named individuals who were not represented by counsel, these purported debtors did not have lawyers to challenge the legitimacy of the defendants' claims. As a result, default judgments were improperly entered against them based upon the defendants' falsified affidavits.

The State's enforcement action seeks to establish a restitution trust fund for money that the defendants unlawfully coerced from Texans. The Attorney General also seeks civil penalties of up to $20,000 per violation of the Texas Deceptive Trade Practices Act, as well as penalties that apply under the Texas Finance Code for third-party debt collectors who violate state law.

Texans who believe they have been deceived by improper or unlawful business practices may call the Office of the Attorney General's toll-free complaint line at (800) 252-8011 or file a complaint online at www.texasattorneygeneral.gov.

---

FOR OTHER ITEMS ASSOCIATED WITH ATTORNEY GENERAL ANNOUNCEMENTS, ACCESS OAG NEWS RELEASES ONLINE AT WWW.TEXASATTORNEYGENERAL.GOV.

---

## CERTIFICATE OF SERVICE

I hereby certify that on June $27$ 2013, I mailed a true and correct copy of the above and foregoing motion, Plaintiff Response to Defendant's Motion to Dismiss to the parties listed below.

Ricky John Hubbard

Robbie Malone, PLLC
State Bar No. 12876450
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231

Gregg D. Stevens
State Bar No. 19182500
Mcglinchey Stafford, PLLC
2711 N. Haskell Avenue
Suite 2750, LB 25
Dallas, Texas 75204

Joshua Smith and John Doe will be served in the future pending discovery