IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICKY JOHN HUBBARD, | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CAUSE NO.:  4:13-CV-112-Y |
| | § | |
| MIDLAND CREDIT MANAGEMENT, | § | |
| INC. | § | |
| MIDLAND FUNDING LLC | § | |
| ENCORE CAPITAL GROUP, INC. | § | |
| FULTON FRIEDMAN & GULLACE, LLP | § | |
| JOHNETTA LANG | § | |
| LOW & MORGAN PLLC | § | |
| M. KIP MORGAN | § | |
| JOSHUA SMITH | § | |
| JOHN DOE, ATTORNEY | § | |
|     Defendants | § | |

**DEFENDANT FULTON FRIEDMAN & GULLACE, LLP, JOHNETTA LANG LOW & MORGAN PLLC, M. KIP MORGAN'S REPLY ON THEIR MOTION TO DISMISS**

NOW COMES Fulton Friedman & Gullace, LLP ("FFG") Johnetta Lang, Low & Morgan, PLLC, and M. Kip Morgan (jointly, "FFG Defendants") and files the following Reply on Their Motion to Dismiss and to show unto the Court as follows:

**I.**

**ARGUMENT AND AUTHORITIES**

**A. Standard of Law.**

1.      Plaintiff's response should demonstrate that the complaint provides fair notice of the plaintiff's claims and that the facts alleged sufficiently show a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555-56 (2007). The court should dismiss under FRCP 12(b)(6) if the plaintiff has not provided both fair notice of the

nature of the claim and plausible factual allegations to support the claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-56 & n.3; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

2.   Generally, in deciding a motion to dismiss for failure to state a claim, the court limits its inquiry to facts stated in the complaint. FRCP 12(d); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009). The court is sometimes asked to consider materials outside the complaint in support of or in opposition to an FRCP 12(b)(6) motion. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). If the court decides it will not consider the material, they are in essence excluded, but the court is not required to take any formal steps to do so. *Harper v. Lawrence Cty.*, 592 F.3d 1227, 1232 (11th Cir. 2010).

**B. Plaintiff Alleges No Facts in His Complaint or Response to Support a Violation of 15 U.S.C. § 1692e(2).**

3.   FDCPA § 1692e(2) makes it a violation of the Act for a debt collector to make a false representation of the character, amount, or legal status of any debt or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. 15 U.S.C. § 1692e(2)(A), (B). Plaintiff pled no facts to support this allegation, and his response to Defendants' Motion to Dismiss does the same. Plaintiff states that FFG Defendants "sought recovery of an alleged debt of 5074.59, court cost, attorney fees, and prejudgment interest without validating the debt." Doc. 21 at 7. This statement Plaintiff himself makes has nothing to do with the character, amount, or legal status of a debt and further, whether or not the debt was validated is irrelevant. Plaintiff also refers the Court to his Exhibits 1 and 2 in support of his argument. What is interesting though is that Exhibit 1 is a citation issued by the clerk of the Justice of the Peace Court, Precinct No. 3, in Tarrant County Texas, and Exhibit 2 is a written

letter from Midland Credit Management, Inc.[1], not FFG Defendants. Doc. 21 at 10-11. So while Plaintiff refers to two exhibits to support his FDCPA § 1692e(2) claim, neither of these two letters are from FFG Defendants.

4. Plaintiff does attach a letter dated June 6, 2011 from FFG's office, and this letter contains all of the information required if a debtor disputes the debt, which would be the name and address of the original creditor. Doc. 2 at 13; 15 U.S.C. § 1692g(b). Therefore, this letter does not evidence a valid claim under FDCPA § 1692e(2) as well. Then Plaintiff also attaches a Certificate of Written Discovery from the proceedings of the case of *Midland Funding LLC assignee of Chase Bank USA N.A. v. Hubbard*, Cause No. C00029171, Justice Court Precinct No. 3, Place 1, Tarrant County, Texas. This cannot be construed as a communication in an attempt to collect a debt as it is within a legal proceeding, is not an attempt to collect a debt, but rather information to litigate a suit. Doc. 21 at 14.

Last, in case Plaintiff argues that seeking court costs, attorney fees, and interest is a violation of FDCPA § 1692e(2), Tex. Civ. Prac. & Rem. Code § 38.001(8) which allows a person to recover reasonable attorneys' fees and costs if a claim is for a contract. Therefore, representing that these costs are recoverable would not be a violation of FDCPA § 1692e(2). This Court should dismiss Plaintiff's claims under this statute.

**C. Plaintiff Alleges No Facts in His Complaint or Response to Support a Violation of 15 U.S.C. § 1692e(8).**

5. FDCPA § 1692e(8) makes it a violation of the Act for a debt collector to communicate or threaten to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed. Plaintiff's

---

[1] Defendants would like to point out that the letter from Midland is entitled "Notice of New Ownership *and* Pre-Legal Review", demonstrating that if this is the first letter sent on the acquisition of the account, how could Plaintiff have sought validation beforehand?

complaint provides no basis that the debt was disputed, that FFG Defendants failed to communicate that the debt was disputed, or that incorrect information was ever reported to a credit reporting agency. Furthermore, none Plaintiff's attached documents, which do not have to be considered by the Court, show evidence that the debt was disputed, that FFG Defendants failed to communicate that the debt was disputed, or that FFG Defendants reported incorrect information to credit reporting agencies. Accordingly, this Court should dismiss Plaintiff's claims under FDCPA § 1692e(8).

**D. Plaintiff Alleges No Facts in His Complaint or Response to Support a Violation of 15 U.S.C. § 1692e(10).**

6.      FDCPA § 1692e(10) makes it a violation of the Act when a debt collector uses "any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer. 15 U.S.C. § 1692e(10). Once again, Plaintiff's complaint is devoid of any factual allegations to support a claim that FFG Defendants somehow made a false representation or used deceptive means. In Plaintiff's response, he still does not even give some basis of this claim and just merely makes his conclusory allegation reciting the statutory language with no factual support. Doc. 21 at 8. Plaintiff again cites to his Exhibits 1 and 2, which, as pointed out, are not even communications from FFG Defendants. These letters do not provide any support to Plaintiff's allegations against FFG Defendants. Plaintiff has had the opportunity to plead facts to support his allegations, and to make an argument on why these claims should not be dismissed under FRCP 12(b)(6), but has failed to do so on both occasions. This Court should dismiss his FDCPA § 1692e(10) claims under the *Iqbal* and *Twombly* standards.

**E. Plaintiff Alleges No Facts in His Complaint or Response to Support a Violation of Tex. Fin. Code § 392.101.**

7.  TDCA § 392.101 requires a third-party debt collector or credit bureau to have a surety bond on file with Texas secretary of state to engage in debt collection. Tex. Fin. Code § 392.101. While Plaintiff makes the conclusory allegation that Defendant M. Kip Morgan violated this provision by appearing in court representing Midland Funding LLC. Following Plaintiff's allegation and proposition, every attorney would need to have a $10,000.00 surety bond on file in Texas to sue under breach of contract or suit on sworn account and other contractual based claims. In addition, the statutory definition for "debt collection" is "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." Tex. Fin. Code § 392.001(5). Simply attending a hearing cannot be considered "debt collection" under this definition. Last, Plaintiff's arguments within his Response really demonstrate that his argument is that Midland Funding LLC is who requires the surety bond, rather than Mr. Morgan who was only acting as a fiduciary attending a hearing in Court on behalf of Midland. Last, Plaintiff attaches what appears to be a press release from the attorney general's office of Texas regarding allegations against Midland Funding, LLC and Midland Credit Management, Inc. in support of this claim. However, Plaintiff's particular claim is directed to FFG Defendants, not the Midland parties and the press release is inapplicable to FFG Defendants. These sparse factual allegations do not surmise that Mr. Morgan, or FFG Defendants were required to have a surety bond on file. It is proper for this Court to dismiss all of Plaintiff's claims against FFG Defendants, including this particular claim under the TDCA.

## II.

## CONCLUSION

8.      Plaintiff's claims against FFG Defendants should be dismissed under FRCP 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted. Plaintiff Complaint does not rise to the level the Supreme Court of the United States delineated in *Iqbal* and *Twombly*. Furthermore, Plaintiff's Response to Defendants' Motion further fails to demonstrate that his factual allegations rise to that level or are supported by any evidence properly before the Court. While Plaintiff attaches unauthenticated documents to his Response, the Court need not consider them. Even if the Court considered these documents, they do not overcome Plaintiff's burden to defeat Defendants' Motion to Dismiss. Two of the documents Plaintiff relies upon are not even sent by FFG Defendants, and then the other two, which are not cited to in support, do not apply to the provisions upon which Plaintiff seeks relief, but are rather from judiciary proceedings during a lawsuit. Plaintiff's factual allegations fall short of defeating Defendants' Motion to Dismiss under FRCP 12(b)(6). Based on Plaintiff's failure to properly state a claim for relief in his Complaint, this Court should grant Defendants' Motion to Dismiss.

WHEREFORE, PREMISES CONSIDERED, Defendants Fulton Friedman & Gullace, LLP, Johnetta Lang, Low & Morgan, PLLC, and M. Kip Morgan respectfully pray that Plaintiff's claims be dismissed in their entirety and with prejudice, and that this Court grant any other relief, either in law or equity, to which it is justly entitled.

Respectfully submitted,

[Signature block on following page]

**ROBBIE MALONE, PLLC**

/s/ Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
XERXES MARTIN
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
TEL: (214) 346-2630
FAX: (214) 346-2631

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been forwarded to Plaintiff via Certified Mail Return Receipt Requested and Regular Mail, and to all other Counsel via ECF on this 3rd day of July, 2013 to:

Ricky J. Hubbard
501 Sycamore Lane
Apt. 225
Euless, Texas 76039

/s/ Robbie Malone
Robbie Malone