```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION

RICKY JOHN HUBBARD              §
                                §
VS.                             §   CIVIL ACTION NO. 4:13-CV-112-Y
                                §
MIDLAND CREDIT MANAGEMENT,      §
et al.                          §
```

## ORDER GRANTING MOTION TO DISMISS

Before the Court is the motion to dismiss of defendants Fulton Friedman & Gullace, LLP ("FF&G"); Johnetta Lang; Low & Morgan, PLLC ("L&M"); and M. Kip Morgan (doc. 19). After review of the motion, response, and reply, the Court GRANTS the motion.

### I.  BACKGROUND

Ricky John Hubbard, proceeding pro se, has sued Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Practices Act ("TDCPA").

FF&G is a law firm that was retained by Midland Funding, LLC ("Midland"), a debt-collection company. Midland is the assignee of Chase Bank USA, N.A., the owner of the debt Hubbard allegedly owes under a consumer credit agreement. FF&G filed suit against Hubbard on behalf of Midland in state court, seeking to collect an outstanding debt of $5,074.59. Johnetta Lang, an attorney with FF&G, signed the complaint as attorney of record. As the lawsuit proceeded in state court, Hubbard claims that various attorneys, other than Lang, appeared on behalf of Midland. One of those attorneys was M. Kip Morgan, an

attorney with L&M.[1] Hubbard claims that Midland never notified him of the outstanding debt prior to filing suit against him. Ultimately, the state-court proceeding was dismissed.

During the pendency of the state-court lawsuit, Hubbard obtained his credit reports from the major credit bureaus. According to Hubbard, each reflected negative entries by Midland. Hubbard notified the credit bureaus in writing that he disputed the debt. He also claims that he sent notification to Midland. According to Hubbard, Midland responded by instructing the credit bureaus to remove the negative information they had previously reported.

## II. LEGAL STANDARD

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must be interpreted in conjunction with Federal Rule of Civil Procedure 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard

---

[1] Hubbard claims that at least four attorneys appeared on behalf of Midland during the course of the state-court proceedings. In his original complaint, Hubbard named attorneys Joshua Smith and "John Doe" as defendants. However, the Court dismissed these defendants on July 23, 2013, for failure to file proof of service as required under Federal Rule of Civil Procedure 4(m) (doc. 23).

applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)." Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id*. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)

3

(citations and internal quotation marks omitted). "A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). In addition, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).

## III. DISCUSSION

A. Hubbard's Claims Under the FDCPA

The purposes of the FDCPA are "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Hubbard contends that Defendants' collection efforts violated various provisions of the FDCPA. Specifically, he claims that Defendants: (1) violated § 1692e(2) by seeking to collect an alleged debt without validating the debt; (2) violated § 1692e(8) by failing to inform the credit bureaus that the debt was disputed; and (3) violated § 1692e(10) by using false representations or deceptive means to collect the debt.

The FDCPA prohibits a debt collector from using "any false,

4

deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Accordingly, it is a violation of the Act for a debt collector to make a false representation of "the character, amount, or legal status of any debt" or "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C § 1692e(2)(A)-(B). Hubbard has pled no facts in support of his claim that Defendants violated these sections of the FDCPA. His only contention is that Defendants sought to collect a debt without validating it. But debt validation has nothing to do with § 1692e(2)(A)-(B). Validation is addressed in 15 U.S.C. 1692g.

Under the latter provision, within five days of its initial communication with a consumer, a debt collector must provide the consumer with certain statutory disclosures concerning the consumer's right to dispute or request validation of the debt. 15 U.S.C. § 1692g(a). If the consumer disputes or requests validation of the debt in writing within thirty days of receiving the debt collector's initial communication, the debt collector must cease its collection activities until it obtains verification or provides the consumer with the information required under § 1692g(a)(4)-(5). 15 U.S.C. § 1692g(b).

In his response to Defendants' motion to dismiss, Hubbard attaches a letter from FF&G, signed by Lang, which appears to be a response

5

to an inquiry from Hubbard for validation of the debt.[2] In the letter, FF&G provides Midland's name and address and explains that Midland is the assignee of Chase Bank USA, N.A.  The letter also discloses the last four digits of the account number and balance due.

FF&G's letter complies with the requirements of § 1692g(b). Further, Hubbard does not allege in his pleadings that collection efforts continued after he requested validation of the debt.  Indeed, the civil docket sheet from the state-court proceeding, which Hubbard attached to his response, shows no activity on the part of the defendants in the month prior to the date of FF&G's letter.

The day after the date of the letter, FF&G served written discovery on Hubbard.  While the Supreme Court has held that litigation activities must comply with the requirements of the FDCPA, *Heintz v. Jenkins*, 514 U.S. 291, 297 (1995), this Court has found no case holding that service of discovery constitutes a "collection activity." Assuming that it does, at the time FF&G served discovery on Hubbard, it had already provided him with the information required under § 1692g(b) and was no longer prohibited from proceeding with its collection efforts.

Interpreting Hubbard's complaint generously as asserting a claim for violations of § 1692g, the Court concludes that Hubbard has failed

---

[2] The Court may consider attachments to a response to a motion to dismiss without converting the motion to one for summary judgment.  *See Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008).

6

to plead sufficient facts to support a claim under that section.

Hubbard also claims that Defendants violated § 1692e(8) by failing to inform credit bureaus that the debt was disputed. However, in his complaint, all of Hubbard's factual allegations with respect to violations of this section involve Midland, not the defendants bringing this motion. Hubbard has pled no facts in support of his allegation that *these* defendants failed to inform credit bureaus that the debt was disputed.

Finally, Hubbard alleges that Defendants violated § 1692e(10) by using false representations or deceptive means to collect the debt. Hubbard has pled no facts in support of Defendants' alleged violation of this section.

B.  Hubbard's Claims Under the TDCPA

Hubbard claims violations of the TDCPA only with respect to defendants L&M and Morgan.[3] In particular, he claims that Morgan appeared in state court while on a "fully probated suspension" from

---

[3] In their motion to dismiss, the defendants claim, without any elaboration, that this Court lacks subject-matter jurisdiction. The Court assumes that the defendants are challenging subject matter jurisdiction over Hubbard's state-law claims under the TDCPA, given their contention that the Court should dismiss Hubbard's federal-law claims under Rule 12(b)(6). *See Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (noting that in the Fifth Circuit, the general rule calls for dismissal of state-law claims where all federal claims have been dismissed). However, Hubbard's state-law claims are derived from "a common nucleus of operative fact" with his federal claims, given that they arise from the same debt-collection activities. *See Prophet v. Myers*, 645 F. Supp. 2d 614, 615 (S.D. Tex. 2008). Consequently, the court will exercise supplemental jurisdiction over Hubbard's TDCPA claims.

7

the Texas bar association. The Court takes judicial notice of the fact that, according to the State Bar of Texas website, under this form of disciplinary action, an attorney is still permitted to practice law during the period of suspension.[4] State Bar of Texas, http://www.texasbar.com/Content/NavigationMenu/AboutUs/FortheMedia/Grievance_and_Ethics_Information2/MisconductPunishment.htm (last visited Nov. 1, 2013). Thus, Morgan's probated suspension did not prevent him from appearing at a hearing in conjunction with the state-court proceedings.

Additionally, Hubbard complains that L&M and Morgan appeared in the proceeding without filing a surety bond with the Texas Secretary of State in violation of Texas Finance Code § 392.101. That section provides:

> A third-party debt collector or credit bureau may not engage in debt collection unless the third-party debt collector or credit bureau has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section. A copy of the bond must be filed with the secretary of state.

Tex. Fin. Code Ann. § 392.101.

L&M and Morgan contend that they are not "third-party debt

---

[4] Under Federal Rule of Evidence 201, the Court may take judicial notice of "a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201 (b)(2). The Court may take such notice following a request from a party or on its own accord. Fed. R. Evid. 201(c); see also Putman v. State Bar of Cal., No. SACV 08-625-DSF (CW), 2010 WL 3070435 (C.D. Cal. June 25, 2010) (relying on information obtained from a search of the California State Bar's website and taking judicial notice of disciplinary proceedings).

8

collectors" as defined under the TDCPA.  The TDCPA relies on the FDCPA's definition of "debt collector" for its definition of "third-party debt collector."  Under the FDCPA a debt collector is defined as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).  Importantly, the TDCPA expressly excludes from its definition of third-party debt collector "an attorney collecting a debt as an attorney on behalf of and in the name of a client." Tex. Fin. Code Ann. § 392.001(7).  That exemption does not apply where "the attorney has nonattorney employees who: (A) are regularly engaged to solicit debts for collection; or (B) regularly make contact with debtors for the purpose of collection or adjustment of debts." *Id.*

L&M was retained to represent Midland in a lawsuit intended to reduce an outstanding debt to judgment.  There is no evidence that L&M employed non-attorneys who regularly engaged in debt collection.  Consequently, L&M and its employee Morgan, are excluded from the definition of third-party debt collectors under the TDCPA and were not required to obtain a surety bond.

## IV.  CONCLUSION

Because Hubbard has failed to plead sufficient facts in support of any of his claims against these defendants, the Court concludes that his claims against Fulton Friedman & Gullace, LLP; Johnetta Lang;

Low & Morgan, PLLC; and M. Kip Morgan should be and hereby are DISMISSED WITH PREJUDICE.

SIGNED November 13, 2013.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/lj                              10